**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DIVISION OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| GEOVERA SPECIALTY INSURANCE COMPANY, | * * * | |
| Plaintiff, | * | CASE NO.: _____ |
| vs. | * * | |
| DNB INVESTMENTS LLC, | * * | |
| Defendant. | * * * | |

**COMPLAINT FOR DECLARATORY JUDGMENT
AND COMPLAINT FOR DAMAGES**

GEOVERA SPECIALTY INSURANCE COMPANY, ("Geovera"), petitions this Honorable Court pursuant to 28 U.S.C. § 2201 and Rule 57 of the *Federal Rules of Civil Procedure*, to take jurisdiction of this disputed matter between Geovera and Defendant DNB Investments LLC, ("DNB"), concerning the respective duties and obligations of Geovera and of Defendant DNB under the policy of insurance issued by Geovera. In support of this Petition, Geovera states as follows:

**NATURE OF THIS ACTION**

1. GeoVera has previously filed a Complaint for Declaratory Judgment. This was an action for declaratory judgment in this Court, CASE NO.: 1:24-cv-00003-JB-M, pursuant to 28 U.S.C. § 2201 wherein Geovera sought a declaration that it was not obligated to participate in an appraisal until such time as it could be determined what issues and/or claims were to be appraised with regard to Defendant DNB's demand for appraisal pursuant to Geovera's policy of insurance.

2. In response to that Complaint, DNB filed a motion to dismiss arguing, inter alia, that the Court lacked subject matter jurisdiction over the appraisal as the amount in controversy

1

did not exceed $75,000. Specifically, DNB stated that its "Demand Letter clearly states that the amount of controversy at issue is $73,964.76 less the deductible (and impliedly, prior payments)." [Case No. 1:24-cv-00003-JB-M, Doc. 7.]

3. After briefing by the parties and oral argument, the Court granted DNB's Motion to Dismiss. [*Id*., Doc. 19].

4. As a result of the Dismissal, GeoVera named its appraiser, and the parties submitted to the appraisal process.

5. An award was rendered on November 11, 2024. (Exhibit P: Appraisal Award.)

6. For the reasons set forth below, GeoVera seeks a declaration by this Court concerning its rights and obligations under Geovera Homeowners' Policy issued to DNB for real property located at 25829 Argonne Drive, Daphne, AL 36526 and whether said appraisal award is valid and enforceable in addition to the tort and statutory claims outlined below.

## THE PARTIES

7. Geovera is a surplus lines insurance company incorporated in California whose principal place of business is in Fairfield, California. Geovera is duly authorized by the State of Alabama to issue homeowner's insurance policies for residential properties located in Alabama.

8. DNB is an Alabama corporation with its principal place of business in Mobile, Alabama. The members of DNB are Oscar C. Inez, Mirtha C. Inez and Carlos L. Inez. All members are residents and citizens of and domiciled in Mobile, Alabama.

## JURISDICTION AND VENUE

9. Geovera issued Homeowner's Policy bearing number GC90041253 and having an effective date of August 27, 2020 to August 27, 2021 to DNB for that real property located at 25829 Argonne Drive, Daphne, AL 36526. A true and correct copy of Policy No. GC90041253

is attached hereto as Exhibit A. The potentially applicable limits of coverage under Policy No. GC90041253 are as follows:

> Section II
>
> Coverage A – Dwelling - $185,000
> Coverage C – Personal Property $9,250

(Exhibit A.)

10. Geovera has paid $34,519.01 on the claim.

11. This Court has jurisdiction over this cause by virtue of 28 U.S.C § 1332(b), in that there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants, on the other hand, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## GENERAL BACKGROUND ALLEGATIONS

12. Geovera issued a homeowner's policy to DNB bearing policy number GC90041253 and having an effective period of August 27, 2020 through August 27, 2021 (the "Policy") for that real property having the physical address of 25829 Argonne Drive, Daphne, Alabama 36526 subject to all the terms and conditions stated in the Policy. (Exhibit A.)

13. On or around October 29, 2020, DNB reported a loss at the insured property. At that time, it was reported that there was a plumbing loss or leak at the property. The loss was inspected by an independent adjuster, and later reinspected. Contractors' estimates were submitted by DNB and the final payment was made to DNB on or about June 13, 2022. Geovera paid the entirety of the contractors' estimates less the applicable deductible.

14. On February 28, 2023, Geovera received a letter dated November 5, 2022, from counsel for DNB demanding appraisal. (Exhibit B.)

15. On March 3, 2023 the undersigned sent a letter to counsel for DNB requesting an examination under oath (EUO) of a representative of DNB and advising that the EUO was necessary before Geovera could participate in appraisal as further claim investigation was needed. (Exhibit C.)

16. The undersigned sent a revised EUO request letter on March 6, 2023 as a name had inadvertently been left out. (Exhibit D.)

17. On March 10, 2023, Shane Welch, Esq., on behalf of DNB, advised that he would provide some dates for his client's EUO. He advised that his client was available on April 5, 2023, after 3 pm if he could appear via Zoom. (Exhibit E.)

18. At that time, it appeared that DNB was not represented by Alabama licensed counsel and the EUO could not go forward without same. Attorney Welch was believed to be a member of the Fortius Law Group and was not listed by the Alabama State Bar as an attorney duly licensed to practice law in the State of Alabama.

19. More than three months later on June 29, 2023, Ron Goode at Fortius Law, who is believed to be an adjuster, and not an attorney, advised that Alabama counsel had been retained as local counsel and that their client was available any Tuesday through Thursday after 3 pm for the requested EUO. (Exhibit F.)

20. Geovera through undersigned counsel provided several dates of availability. (Exhibit G.)

21. Those dates came and went with no response from DNB.

22. On October 12, 2023, Ashley Harrison on behalf of DNB followed up for additional dates.(Exhibit H.)

23. On October 12, 2023, the parties agreed to hold November 29, 2023 as the date for the EUO. (Exhibit I.)

24. On November 8, 2023, Geovera was advised "[DNB] wants your client to name their appraiser, then we can schedule the EUO thereafter." This is the first time that DNB insisted that Geovera name an appraiser, (identification of an appraiser would constitute an agreement to appraisal under the Policy), before the EUO would be scheduled. (Exhibit J.)

25. On November 9, 2023 Geovera responded:

> [W]hen we received the appraisal request in February of this year, we informed previous counsel that we could not submit to appraisal because we did not know what it is that we would be appraising. Specifically, our adjuster's estimate was in line with your clients [sic] contractors' estimates, and that amount was paid. If you have different information please provide it and we will evaluate accordingly.
>
> We sought to take the EUO to see what exactly the claim is as we were under the impression that it had been fully paid. If you would like, we can agree to reinspect the property to see what damage remains unpaid and go from there. However, we are not waiving our request for an EUO [requested] back in March of this year. Otherwise, we need some information on what we are appraising – hence the request for an EUO to which your client had previously agreed to submit.

(Exhibit K.)

26. No response was received from DNB and the EUO did not go forward on November 29, 2023 as previously agreed.

27. On December 27, 2023, counsel for DNB sent counsel for Geovera a letter stating that it would ask the Court "to move forward with requesting a court-appointed umpire." (Exhibit L.)

28. At no time had DNB ever proposed an umpire to which Geovera did or could disagree.

29. That day, DNB sent a letter to Judge Clark Stankoski requesting that he appoint an umpire. (Exhibit M.)

5

30. That correspondence was not sent to any representative of Geovera nor was Geovera made aware that any correspondence had been sent. Further, the letter itself does not indicate that Geovera and/or its counsel was copied on the letter. *Id.*

31. On January 2, 2024, counsel for Geovera received an email from DNB's counsel's office attaching a letter "order" from Judge Stankoski appointing James Pittman, Esq. as the umpire for appraisal. (Exhibit N.) GeoVera was not copied on this letter.

32. The letter to Judge Stankoski did not advise the Judge that the parties had thus far been unable to agree to conduct an appraisal at all.

33. Further the letter did not state that at any time DNB proposed an umpire to which Geovera disagreed.

34. Upon receipt of the letter order from Judge Stankoski, counsel for Geovera requested a copy of what was sent to Judge Stankoski from counsel for Defendants.

35. That letter was received via return email. (Exhibit O.)

36. Judge Stankoski's letter order, through no fault of the judge himself, was issued without full knowledge of the facts and circumstances of the claim.

37. The letter order effectively acted to compel Geovera to an appraisal to which it did not agree.

38. As of the date of this filing, no representative of Defendant has submitted to an examination under oath.

39. The appraisal portion of the policy states as follows:

**F. Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:
1. Pay its own appraiser; and
2. Bear the other expenses of the appraisal and umpire equally.

(Exhibit A, Bates p. DNB 000025.)

40. The provision requires that the parties "fail to agree on the amount of the loss" before "either may demand an appraisal of the loss." *Id.*

41. GeoVera filed a complaint for Declaratory Judgment asking this Court to determine whether it was obligated to go to appraisal per Judge Stankoski's letter order.

42. DNB responded with a Motion to Dismiss representing to the Court and all parties that its "Demand Letter clearly states that the amount of controversy at issue is $73,964.76 less the deductible (and impliedly, prior payments)." [Case No. 1:24-cv-00003-JB-M, Doc. 7.]

43. The Court determined that it lacked subject matter jurisdiction based upon DNB's representations to the Court both in pleadings and in open court that the amount in controversy failed to meet the minimum amount as set forth in 28 U.S.C. 1332.    [Case No. 1:24-cv-00003-JB-M, Doc. 19.] The Court declined to address the remaining merits of the claim as it had determined that it lacked jurisdiction to do so.

44. Once the case was dismissed with no further other and viable redress, GeoVera named Charles Baker as its appraiser. The appraisal was conducted on November 11, 2024 and an award was issued that same day. (Exhibit P.)

45. At the appraisal, Jon Pruitt, DNB's selected appraiser, submitted an estimate for consideration that totaled nearly $90,000. This despite DNB's numerous representations that DNB only sought the original adjuster's estimate of $73,964.76.

46. The estimate was submitted by Pruitt was based on information he had obtained in 2022, (Ex. P), two full years **before** DNB made its false representations to this Court.

47. Neither appraiser "separately set the amount of the loss" as set forth in the Appraisal provision cited above. (Ex. A, Bates p. DNB 000025.)

48. Upon inspection of the property during the appraisal, it was also discovered that all repairs had already been made.

49. If repairs had been made, then the costs would have been certain and ostensibly already paid. Despite this, no actual costs were presented during the appraisal, only an estimate based on data retrieved in 2022.

50. At the time of the appraisal, DNB did not even own the subject property. A review of property records revealed that on September 23, 2023, Oscar Anez as managing member of DNB transferred the property from DNB to Kimberly Anez Smith. The property had been sold prior to the original agreed date for the DNB examination under oath. (Exhibit Q: Warranty Deed.)

51. That deed was not recorded until two months after the property transfer, on November 21, 2023. (Ex. Q.)

52. With knowledge that DNB no longer owned the property, it not only made material and fraudulent representations to the Court, it also participated in a sham of an appraisal based on

estimates for work that it can never complete because it does not own the property. DNB also withheld and failed to produce to GeoVera the actual costs of the repairs already incurred.

53. None of this information was conveyed to GeoVera nor was the Court made aware of it in DNB's motion.

54. The award as rendered is deficient because it was both premised in fraud and because the appraisers failed to comply with the mandates of the Policy's appraisal clause.

55. GeoVera was induced to participate in a sham appraisal based on *ex parte* communications with one judge, misrepresentations made to another court of competent jurisdiction, material facts that were deliberately withheld and which resulted in an award that GeoVera should have no obligation to pay.

## COUNT I - DECLARATORY JUDGMENT

56. Geovera incorporates by reference paragraphs 1-55 above as though set forth fully herein.

57. Geovera seeks a declaration from this Court finding the following:

a. DNB's letter to Judge Stankoski was procedurally deficient in that it failed to state that Geovera had no duty to participate in appraisal.

b. DNB failed to establish that the parties were unable to agree on an umpire, as one was never proposed by DNB and was improperly made as an *ex parte* communication.

c. That the Circuit Court of Baldwin County did not have jurisdiction over the appraisal claim at that time of issuance of the *ex parte* order.

    d.    That GeoVera owes no duty to pay the appraisal award as such award was induced by fraud.

    e.    That GeoVera has no obligation to pay any appraisal award as the process was procedurally deficient.

    f.    That GeoVera has no obligation to pay an appraisal award as DNB has failed to satisfy a condition precedent to payment in failing to submit for an examination under oath.

58. GeoVera seeks a declaration that, alternatively, it has no duty to pay any appraisal award as DNB has failed to comply with a material condition precedent to payment in failing to appear and/or submit to an examination under oath.

59. Geovera has a bona fide, actual, present and practical need for judicial declaration that it has no duty to pay any appraisal award at this time.

60. Pursuant to 28 U.S.C § 2201 and F.R.C.P. 57, this Court has the authority to declare the rights, status, obligations, and other legal relations of the parties under the terms and provisions of the Policy and all applicable state or Federal law.

61. This controversy is of sufficient immediacy to justify the issuance of declaratory relief by this court.

62. The issuance of declaratory relief by this Court will terminate this controversy between the parties.

## COUNT II – FRAUD

63. GeoVera realleges incorporates by reference paragraphs 1-62 above as if set forth fully herein.

64. DNB made material misrepresentations of fact to GeoVera in Court.

65. GeoVera reasonably relied on DNB's material misrepresentations made in open Court within the Court's written record in proceeding to appraisal.

66. Based upon those material misrepresentations, GeoVera was induced into participating in a sham appraisal.

67. The appraisal resulted in an award that was induced by fraud.

68. As a result of DNB's fraudulent misstatements GeoVera suffered the following damages:

   a. An appraisal award entered against it.
   b. The cost of the appraisal, including but not limited to the appraiser's fee and expense;
   c. Attorney's fees and court costs.

69. Plaintiff also seeks an award of punitive damages as DNB consciously and/or deliberately engaged in fraud, oppression, wantonness and/or malice in making material misrepresentations of fact to both GeoVera and the Court with full knowledge of the falsity of those representations.

## COUNT III – VIOLATIONS OF THE ALABAMA LITIGATION ACCOUNTABILITY ACT

70. GeoVera realleges incorporates by reference paragraphs 1-69 above as if set forth fully herein.

71. The misrepresentations made to this Court in the preceding litigation were made without substantial justification.

72. They were made in the course of a legal proceeding and were made both in writing and orally in open court by a duly authorized representative of DNB.

73. Said representations were made as a material part of DNB's defense in getting GeoVera's Complaint for Declaratory Judgment dismissed.

74. GeoVera was damaged by this misrepresentation in that it was deprived of the opportunity to have its claims heard in a court of otherwise competent jurisdiction.

75. GeoVera was damaged by this misrepresentation in that it was then compelled to submit to a sham appraisal at significant cost to GeoVera.

76. GeoVera continues to accrue attorneys' fees as a consequence of this misrepresentation.

77. Said misrepresentations were also made in violation of Rule 11 of the Federal Rules of Civil Procedure.

78. As a result of the foregoing, GeoVera requests an award of costs and attorneys' fees in addition to the other relief sought herein.

WHEREFORE, Geovera respectfully requests that this Honorable Court enter judgment declaring Geovera has no obligation to pay the sham appraisal award and asks for damages as outlined above in an amount exceeding $75,001.00.

DATED this day, December 4, 2024.

*s/Christina May Bolin*_____
CHRISTINA MAY BOLIN (MAY032)
GABRIELLE E. REEVES (REE052)
*Attorneys for Geovera Specialty Insurance Company*

OF COUNSEL:

CHRISTIAN & SMALL, LLP
1 Timber Way, Ste. 101
Daphne, AL  36527
Email:  cmbolin@csattorneys.com
           gereeves@csattorneys.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following, and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants, on this the 4th day of December 2024:

DNB Investments, LLC
% Oscar Anez
404 McGregor Oaks Court
Mobile, AL 36608

                                            *s/Christina May Bolin*
                                            COUNSEL