IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DIVISION OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GEOVERA SPECIALTY INSURANCE COMPANY,** * * * | |
| **Plaintiff,** * | |
| * | **CASE NO.: 1:24-cv-00450-B** |
| vs. * * | |
| **DNB INVESTMENTS LLC,** * * | |
| **Defendant.** * * * | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

Defendant DNB Investments, LLC ("DNB"), by and through its undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff GeoVera Specialty Insurance Company's ("GeoVera") Complaint for Declaratory Judgment and Damages pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. In support thereof, DNB states as follows:

GeoVera's Complaint is inflammatory, frivolous, and without merit. The allegations fail to establish this Court's subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy does not exceed the requisite $75,000.00. The appraisal award rendered by the unbiased appraisal panel in this matter falls well below the jurisdictional threshold. As such, this Court should reject GeoVera's attempts to manufacture jurisdiction through mischaracterizations of the facts and the Policy. This filing is yet another example of GeoVera's continued attempts to delay its obligations under the Policy. GeoVera's discontent with the wording of its own Policy and the decision made by its hired appraiser does not justify such baseless litigation.

## I.   FACTUAL BACKGROUND

1. Pursuant to the insurance policy GeoVera issued to DNB (the "Policy"), an appraisal process was conducted, and the appraisal panel rendered an award of $88,464.23 RCV / $79,491.82 ACV.

2. After deducting GeoVera's prior payment of $34,519.01 and the $1,000.00 deductible, the net amount owed is $52,945.22 RCV / $43,972.81 ACV, both of which are below the $75,000.00 jurisdictional threshold.

3. The appraisal process, including the appointment of an impartial panel, was conducted in accordance with the Policy. The award is binding and enforceable under the Policy.

4. GeoVera selected and hired an appraiser who signed the appraisal award, confirming agreement with the amount of the loss without the need to involve the umpire. This fact underscores the impartiality and binding nature of the appraisal award as set forth in the Policy.

5. GeoVera alleges that this Court has jurisdiction based on the amount in controversy exceeding $75,000.00. However, the net appraisal award and payments made conclusively establish that GeoVera has not met the jurisdictional requirement.

6. The appraisal provision of the Policy mandates that if the parties fail to agree on the amount of loss, either party may demand an appraisal. Each party is required to select a competent and impartial appraiser, and any disagreements are resolved by an umpire. The appraisal provision further states that an award agreed to by any two of the three participants is final and binding.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994). Under 28 U.S.C. § 1332, diversity jurisdiction exists only if the parties are citizens of different states and the amount in controversy exceeds $75,000.00. The burden of establishing subject matter jurisdiction rests on the party invoking federal jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

### III.   ARGUMENT

**A.   The Amount in Controversy Fails to Exceed $75,000.00.**

The appraisal panel determined that the total loss amounts to $88,464.23 RCV / $79,491.82 ACV. Deducting GeoVera's prior payment of $34,519.01 and the $1,000.00 deductible, the amount GeoVera is obligated to pay falls well below the $75,000.00 jurisdictional requirement. Federal courts lack jurisdiction where the amount in controversy is speculative or fails to meet the statutory minimum. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Moreover, "[s]uits involving issues of state law and brought on the basis of diversity of citizenship can often be most appropriately tried in state courts." *Snyder v. Harris*, 394 U.S. 332, 341 (1969).

**B.   The Appraisal Award Is Binding and Enforceable.**

The Policy expressly provides for an appraisal process to resolve disputes over the amount of loss. The appraisal provision requires that any disagreements be resolved by an impartial umpire and that the resulting award, agreed to by any two of the appraisers or umpire, is final and binding. This process was fully adhered to, and the resulting award conclusively establishes the amount of loss.

GeoVera's own selected appraiser signed the award without the need for umpire intervention, further demonstrating that the amount was determined impartially and in full compliance with the Policy's terms. GeoVera's dissatisfaction with the result does not create a federal question or expand this Court's jurisdiction. GeoVera's attempt to challenge a process explicitly outlined in its own Policy and agreed to by its appraiser is frivolous and without merit.

### C. GeoVera's Allegations of Fraud and Misrepresentation Are Unsupported.

GeoVera's assertion that DNB or its representatives engaged in fraudulent or misleading conduct is unsubstantiated and irrelevant to the jurisdictional inquiry. GeoVera has failed to provide evidence to suggest that DNB acted improperly during the appraisal process or in communications with this Court. The appraisal panel's impartiality and adherence to the Policy's terms render these allegations baseless.

### D. GeoVera's Complaint Is a Further Attempt to Delay.

GeoVera's filing appears to be an effort to delay the enforcement of the appraisal award and increase litigation costs. This tactic is inconsistent with the Policy's binding appraisal provision and this Court should not countenance such tactics. GeoVera's actions represent a clear pattern of delay, attempting to avoid its contractual obligations simply because it is dissatisfied with the outcome of a process it designed and help implement. The Court should dismiss this case to prevent further unnecessary litigation.

## IV. CONCLUSION

For the foregoing reasons, DNB respectfully requests that this Honorable Court grant its Motion to Dismiss GeoVera's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Further, DNB requests that the Court enforce the appraisal award and grant any additional relief deemed just and proper.

Dated: December 18, 2024

                                            Respectfully submitted,

                                            */s/ Thomas H. Benton, Jr.*
                                            THOMAS H. BENTON, JR. (BEN028)

                                            *Attorney for DNB Investments LLC*

OF COUNSEL:

Benton Law Firm, LLC
169 Dauphin Street, Suite 300
Mobile, AL 36602
Telephone: 251-604-1123
tom@benton-law.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing motion was filed through the Court's electronic filing system on December 18, 2024. Notice of this filing will be sent to all parties listed on the Court's electronic filing system. Parties may access all filed documents through the Court's system.

                                              */s/ Thomas H. Benton, Jr.*
                                              THOMAS H. BENTON, JR. (BEN028)