**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DIVISION OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GEOVERA SPECIALTY INSURANCE COMPANY,** | * * * | |
| | | **Case No.:  1:24-cv-00450-B** |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **DNB INVESTMENTS LLC,** | * | |
| | * | |
| **Defendant.** | * | |

**PLAINTIFF GEOVERA SPECIALTY INSURANCE COMPANY'S**
**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Plaintiff GeoVera Specialty Insurance Company ("GeoVera") by and through its counsel of record, and files this Response In Opposition to Defendants Motion to Dismiss and Brief In Support [Docs. 9 and 10].  In opposition to that Motion, GeoVera states as follows:

<u>Standard of Review</u>

The standard for a Motion to Dismiss based on lack of amount in controversy is well established within the 11th Circuit.

> The amount in controversy requirement is satisfied if a plaintiff "claim[s] a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). In these types of challenges, "dismissal for failure to meet the amount-in-controversy requirement is appropriate only 'where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Canopius U.S. Ins. Inc. v. Prestige Gen. Cleaning Servs., Inc.*, 2007 U.S. Dist. LEXIS 110611, 2014 WL 6979658, at *2 (S.D. Fla. Dec. 9, 2014) (citing *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir.2002)); *Reilly v. Amy's Kitchen, Inc.*, 2 F. Supp. 3d 1300, 1302 (S.D. Fla. 2014) ("If a claim of the required jurisdictional amount is made in good faith, that claim controls unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'") (citation omitted). "When determining whether the amount in controversy requirement has been met, district courts should only consider

1

the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 730 (11th Cir. 2014).

*Ginsberg v. Vitamins Because LLC*, No. 19-CV-22702-WILLIAMS, 2021 U.S. Dist. LEXIS 256339, at *5 (S.D. Fla. June 9, 2021)

A motion to dismiss for lack of subject matter jurisdiction based on a plaintiff's failure to satisfy the amount in controversy requirement of 28 U.S.C. § 1332 should not be granted unless the defendant shows "'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Adolph Coors Co. v. Movement Against Racism,* 777 F.2d 1538, 1544 (11th Cir. 1985) (quoting, *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S. Ct 586, 82 L. Ed. 845 (1938)). The amount in controversy requirement is met if the plaintiff has made a "bona fide" allegation that his claim is in excess of $ 75,000.00. *See Adolph Coors Co.,* 303 U.S. at 288-89. The burden of proof lies with the defendant to show to a legal certainty that the claim is really less than the jurisdictional amount. As DNB has failed to meet the requisite standard showing that GeoVera's claim is really less than the jurisdictional amount, its Motion to Dismiss is due to be denied.

**Argument**

As an initial matter, DNB neither recognizes nor attempts to satisfy the stringent legal test governing their challenge. The only "support" it offers for its statement that the amount in diversity does not meet the jurisdictional threshold is a restatement of the appraisal award set forth in GeoVera's Complaint for Declaratory Judgment, [Doc. 10, § III, ¶ A], and to assert an unsupported argument that the appraisal is binding and enforceable, [*id.*, ¶ B].  DNB offers no argument, factual or legal, that GeoVera has not made a "bona fide" allegation that its claims is in excess of $75,000.00.  "The rule governing dismissal for want of jurisdiction in cases brought in the federal

2

court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 590 (1938).

The appraisal award as submitted totals $88,464.23 in RCV. [Doc. 1-19]. GeoVera has already paid $34,519.01 on this claim. [Doc. 1, ¶ 10]. Assuming that the entirety of that previous payment is contemplated in the award (*i.e.*, that GeoVera would be given a credit toward the award of what is has already paid), GeoVera would ostensibly owe an additional $53,945.22 as per the appraisal award. Since the repairs have been completed, DNB should have receipts showing that it is entitled to the remainder of the RCV award. GeoVera seeks a declaration not only that it is not obligated to pay that amount, but also seeks to recover its attorneys' fees and costs of the appraisal. Those costs coupled with the appraisal award would easily exceed the jurisdictional minimum.

GeoVera also seeks damages for fraud, including punitive damages, as well as recovery under the Alabama Litigation Accountability Act. [Doc. 1, Count II, ¶¶ 63-69, Count III, ¶¶ 70-78.] DNB does not address either of those claims, other than to make a blanket statement as to the merits of the fraud claim without citation to legal authority or evidence.

Punitive and compensatory damages may be aggregated to meet the amount in controversy requirement. *Bell v. Preferred Life Assur. Soc., Etc.*, 320 U.S. 238, 240, 64 S. Ct. 5, 88 L. Ed. 15 (1943). Where governing state law allows for recovery of punitive damages, the amount in controversy requirement is met, unless it is clear beyond legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount. GeoVera has properly plead fraud with particularity in accordance with Fed. R. Civ. P. 9 and presented factual evidence of its entitlement to punitive damages by submitting Exhibit P to its Complaint. [Doc. 1, ¶ 46,

Doc. 1-19.]  An award of punitive damages for fraud would easily exceed the jurisdictional minimum of $75,000.00.  "A jury may award punitive damages in a fraud action if the plaintiff makes a sufficient evidentiary showing that he has been injured as a result of the fraud and that the defendant's conduct warrants punishment." *Third Generation, Inc. v. Wilson*, 668 So.2d 518, 521 (Ala. 1995)).   As DNB has provided nothing to dispute GeoVera's allegations of fraud, it has provided nothing showing that a jury would not award punitive damages against it for the fraud alleged against it.

Furthermore, a clearly established common law basis for awarding attorney's fees may also justify including a reasonable estimate of requested attorney's fees in determining the amount in controversy. *Smith v. GTE Corp.*, 236 F.3d 1292, 1305 (11th Cir. 2001) (citing *Ross v. Inter-Ocean Ins. Co.*, 693 F.2d 659, 661 (7th Cir. 1982) (noting that a reasonable estimate of attorney's fees may be included in the amount in controversy "where a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in the litigation"); *see also* 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3702, at 92-93 & n. 83 (3d. ed.1985).  As detailed in the complaint, because of DNB's conduct, GeoVera was forced to expend attorneys' fees as well as fees incurred for the appraisal.  GeoVera seeks reimbursement of those fees and expenses. It has long been the rule in Alabama that attorney's fees are recoverable in cases of civil injury or breach of contract involving fraud, willful negligence or malice. *Reynolds v. First Ala. Bank, N.A.*, 471 So. 2d 1238, 1243 (Ala. 1985) (quoting *Moss v. Winston*, 223 Ala. 515, 517, 137 So. 303, 304-305 (1931)).   DNB has not raised any argument against GeoVera's right to recover reasonable attorney's fees in this matter.

4

CONCLUSION

It is black-letter law that "[a] diversity suit should not be dismissed unless it is apparent, to a legal certainty, that the plaintiff cannot recover the requisite amount in controversy." *Deen v. Egleston*, 597 F.3d 1223, 1228 (11th Cir. 2010) (citations and internal marks omitted). DNB has failed to show to an "apparent legal certainty" that GeoVera cannot recover more than $75,000 in this action. DNB does not mention the correct standard or apply it in its Motion to Dismiss. It merely opines that GeoVera's claims are meritless and unsubstantiated and offers no factual or legal authority for its opinion. Accordingly, DNB's Motion to Dismiss is due to be dismissed.

Respectfully submitted this the 9th day of January, 2025.

> *s/Christina May Bolin*
> CHRISTINA MAY BOLIN
> GABRIELLE E. REEVES
> *Attorneys for Plaintiff Geovera*

**OF COUNSEL**
CHRISTIAN & SMALL LLP
1 Timber Way, Ste. 101
Daphne, AL  36527
Phone:  251-432-1600
Email: cmbolin@csattorneys.com
         gereeves@csattorneys.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following; and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants, on this the 9th day of January, 2025.

Thomas H. Benton, Jr.
 Benton Law Firm, LLC
169 Dauphin Street, Suite 300
Mobile, AL 36602
tom@benton-law.com

> *s/Christina May Bolin*
> COUNSEL