IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEOVERA SPECIALTY INSURANCE. COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 24-0450-WS-B ) |
| DNB INVESTMENTS LLC, | ) ) ) |
| Defendant. | ) |

ORDER

      This matter is before the Court on the defendant's motion to dismiss for lack of subject matter jurisdiction.  (Doc. 9).  The motion is based exclusively on Rule 12(b)(1).  (*Id*. at 1; Doc. 10 at 1, 4).  The parties have filed briefs in support of their respective positions, (Docs. 10, 12, 14), and the motion is ripe for resolution.

      The complaint grounds jurisdiction in diversity of citizenship.  (Doc. 1 at 3).  The complaint identifies the corporate plaintiff as a citizen of California, based on its state of incorporation and principal place of business.  The complaint identifies the members of the limited liability company defendant as three individuals domiciled in, and citizens of, Alabama.  (*Id*. at 2).  These allegations allege citizenship under the applicable legal standards, and the defendant does not suggest that they are incorrect.  Instead, the defendant denies that the complaint places more than $75,000 in controversy.

      According to the complaint, (Doc. 1), the plaintiff issued the defendant a homeowner's policy ("the Policy").  When the defendant reported a loss, the plaintiff paid the contractors' estimates less the applicable deductible.  The defendant, by means of *ex parte* and misleading communications with a state judge, obtained an order effectively compelling the plaintiff to engage in an appraisal contrary to Policy terms.  When the plaintiff filed a federal action seeking a declaration whether it was obligated to go forward with the appraisal, the defendant misrepresented the maximum amount in

controversy, leading to dismissal of the action for lack of jurisdiction.  The subsequent appraisal was marred in at least the following respects:  (1) the appraisers did not separately set the amount of the loss; (2) even though repairs had already been made, no actual costs of repair were presented, only pre-repair estimates; and (3) the defendant had sold the property to a third party (apparently a family member) over a year earlier.  (*Id*. at 3, 5-9).

Count I seeks a declaration that the plaintiff has no duty to pay the appraisal award, or any appraisal award.  Count II alleges that the defendant defrauded the plaintiff into participating in a sham appraisal, with damages including:  (1) the appraisal award; (2) the cost of the appraisal; (3) attorney's fees and court costs; and (4) punitive damages.  Count III asserts a claim for violations of the Alabama Litigation Accountability Act ("ALAA") and requests an award of costs and attorney's fees.  The *ad damnum* clause "requests [a declaration that the plaintiff] has no obligation to pay the sham appraisal award and asks for damages as outlined above in an amount exceeding $75,001.00." (Doc. 1 at 9-12).

When considering the amount in controversy under a complaint (like this one) originally filed in federal court and expressly seeking an award exceeding the jurisdictional threshold, "[s]uch a case will not be dismissed unless it appears to a 'legal certainty' that [the] plaintiff's claim is actually for less than the jurisdictional amount." *Burns v. Windsor Insurance Co*., 31 F.3d 1092, 1094 (11th Cir. 1994); *accord Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018); *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000); *Broughton v. Florida International Underwriters, Inc*., 139 F.3d 861, 863 (11th Cir. 1998); *see also Siren, Inc. v. Estes Express Lines*, 249 F.3d 1268, 1274 n.6 (11th Cir. 2001) (applying the same rule to Section 1337(a)).  The defendant neither acknowledges this standard nor identifies anything that could suggest to a legal certainty that the plaintiff's claim is actually for less than $75,000.01.

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (en banc). "In other words, the value of the requested injunctive [or declaratory] relief is the monetary value of the benefit that would flow to the plaintiff if the injunction [or declaratory relief] were granted." *Id*. The benefit that would flow to the plaintiff if it is held to have no duty to pay the arbitration award is the amount of the award, less the deductible and any partial payments already made. The defendant identifies the amount of the appraisal award as $88,464.23 (replacement cost value ("RCV")) or $79,491.82 (actual cash value ("ACV")), from which, it says, must be subtracted the plaintiff's prior payment ($34,519.01) and the defendant's deductible ($1,000.00). The defendant therefore correctly concedes that Count I places almost $53,000 (RCV) or almost $44,000 (ACV) in controversy. (Doc. 10 at 2, 3).[1]

As noted, Count II seeks as additional relief an award of the cost of appraisal, attorney's fees and court costs,[2] and punitive damages. (Doc. 1 at 11). The defendant says that the plaintiff "has failed to provide evidence to suggest that [the defendant] acted improperly," leaving the allegation of fraudulent or misleading conduct "unsubstantiated." (Doc. 10 at 4). Because the defendant has not filed a motion for summary judgment, the state of the evidence of fraud is irrelevant.

Without explanation, the defendant asserts that the complaint's allegations of fraudulent or misleading conduct are "irrelevant to the jurisdictional inquiry." (Doc. 10 at 4). On the contrary, the assertion of such a claim, seeking damages beyond relief from paying the appraisal award, is of central importance to the amount in controversy.

---

[1] The plaintiff states that that the higher RCV figure is in controversy. (Doc. 12 at 3). Because it provides no explanation for its position, the Court for present purposes utilizes the lower ACV figure.

[2] The Court assumes for present purposes that the attorney's fees and costs to which Count II refers are limited to those incurred at some point in the appraisal process.

The defendant offers, and the Court can perceive, no basis for concluding that the cost to the plaintiff of the appraisal would not be a recoverable element of damages in fraud. The plaintiff, (Doc. 12 at 4), cites Alabama law for the proposition that "Alabama recognizes exceptions to the American Rule where fraud, willful negligence or malice has been practiced," *Reynolds v. First Alabama Bank, N.A.*, 471 So. 2d 1238, 1243 (Ala. 1985), and the defendant makes no effort to refute that authority or to place Count II beyond its reach. The Court therefore cannot conclude that these demanded elements of damage are, to a legal uncertainty, unrecoverable. On the other hand, neither the complaint nor the plaintiff's brief contains material indicating that these elements of damage place more than a few thousand dollars in controversy.

Count II also seeks an award of punitive damages. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered ... unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Punitive damages are of course recoverable under Alabama law in actions for fraud, and nothing before the Court remotely suggests a legal certainty that the plaintiff could not be awarded such damages of a magnitude (approximately $30,000) sufficient to place more than $75,000 in controversy. The defendant argues that "punitive damages are unsupported" because the fraud claim lacks "sufficient ... factual support," (Doc. 14 at 3), an argument that confuses the merits of the claim (whether the plaintiff will recover) with the amount in controversy (the amount the plaintiff in good faith seeks to recover). *E.g., Anderson v. Wilco Life Insurance Co.*, 943 F.3d 917, 925 (11th Cir. 2019) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.") (internal quotes omitted).

In its reply brief, the defendant objects that the complaint does not plead fraud with the requisite particularity under Rule 9(b). (Doc. 14 at 2-4). The defendant further argues that the plaintiff will be unable to prove the element of reasonable reliance. (*Id*. at 4). By so doing, the defendant expressly seeks to expand his motion to dismiss for

"lac[k] [of] subject matter jurisdiction," (Doc. 9 at 1; *accord* Doc. 10 at 1, 4), into a motion to dismiss for "fail[ure] to ... state a viable claim for relief." (Doc. 14 at 5). This is impermissible. As this Court has often reminded litigants, "[d]istrict courts, including this one, ordinarily do not consider arguments raised for the first time on reply." *Parker v. Exterior Restorations, Inc.*, 653 F. Supp. 3d 1105, 1108 (S.D. Ala. 2023) (internal quotes omitted). "Unless the offending party articulates an adequate reason for its failure to present in its principal brief an argument then available to it, the Court will not grant relief based on arguments first raised in reply." *Id*. Although there is an exception to this rule when the untimely argument challenges subject matter jurisdiction, *Arnold v. State Farm Fire and Casualty Co.*, 268 F. Supp. 3d 1297, 1303 (S.D. Ala. 2017), the defendant's tardy arguments challenge the merits, not jurisdiction. Because those arguments were at all times available to the defendant, and because the defendant offers no explanation for omitting them from its principal brief, they will not be considered.

For the reasons set forth above, the defendant's motion to dismiss for lack of subject matter jurisdiction is **denied**.

DONE and ORDERED this 18th day of February, 2025.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE