IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GEOVERA SPECIALTY INSURANCE COMPANY,** | * * * * |
| Plaintiff, | * |
| vs. | * * * |
| **DNB INVESTMENTS LLC,** | * * |
| Defendant. | * * |

CASE NO.: 1:24-cv-00450

## DEFENDANT DNB INVESTMENTS LLC'S
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant DNB Investments LLC ("DNB") respectfully moves for summary judgment on all claims asserted by Plaintiff GeoVera Specialty Insurance Company ("GeoVera"), and for entry of judgment in favor of DNB declaring that the appraisal award is valid, binding, and enforceable, and that GeoVera is obligated to pay the award under the Policy.

There is no genuine dispute of material fact. The undisputed record establishes that: (1) DNB properly invoked the Policy's mandatory appraisal provision; (2) GeoVera breached the Policy by refusing to timely appoint an appraiser; (3) the appraisal proceeded in strict accordance with the Policy after court intervention; (4) a written appraisal award was issued and signed by both parties' selected appraisers; and (5) Alabama law requires enforcement of such a binding appraisal award absent fraud, corruption, or partiality—none of which GeoVera can prove as a matter of law.

Accordingly, DNB is entitled to summary judgment.

## UNDISPUTED MATERIAL FACTS

1. GeoVera issued Policy No. GC90041253 (the "Policy") to DNB insuring the property located at 25829 Argonne Drive, Daphne, Alabama.

2. On or about October 29, 2020, the insured property sustained a covered water-damage loss.

3. GeoVera acknowledged coverage and made partial payments totaling $34,519.01, but disputed the amount of loss.

4. The Policy contains a mandatory appraisal provision requiring appraisal when the parties fail to agree on the amount of loss, with each party obligated to select an appraiser within twenty (20) days of a written demand.

5. On November 5, 2022, DNB made a written demand for appraisal pursuant to the Policy.

6. DNB timely designated a competent and impartial appraiser.

7. GeoVera refused to timely designate an appraiser, instead conditioning appraisal on completion of an examination under oath ("EUO"), a condition not found anywhere in the Policy.

8. Because GeoVera refused to comply with the appraisal provision, DNB sought judicial assistance to compel appraisal and appoint an umpire, as expressly permitted by the Policy.

9. After GeoVera was compelled to participate, each party selected an appraiser, and the appraisal proceeded.

10. On November 11, 2024, the appraisal panel issued a written appraisal award determining the amount of loss.

11. The appraisal award was signed by both parties' selected appraisers, satisfying the Policy's requirement that an agreement of any two appraisal participants sets the amount of loss.

12. The appraisal award determined the amount of covered loss to be approximately $90,000, subject only to the deductible and prior payments.

13.     Despite the issuance of a binding appraisal award, GeoVera has refused to pay the amount awarded.

14.     Following GeoVera's continued refusal to pay the binding appraisal award, DNB filed a breach-of-contract action in the Circuit Court of Baldwin County, Alabama, seeking enforcement of the appraisal award pursuant to the Policy. That action alleges the same operative facts concerning the Policy, the appraisal process, the issuance of the binding appraisal award, and GeoVera's refusal to pay.

15.     The existence of the state-court enforcement action does not alter the undisputed facts concerning the validity and binding effect of the appraisal award at issue in this case.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-moving party to present specific evidence showing a genuine issue for trial. Mere allegations, speculation, or legal conclusions are insufficient.

## ARGUMENT

**A. The Appraisal Provision Is Mandatory and Was Properly Invoked by DNB**

Under Alabama law, appraisal provisions in insurance policies are enforceable contractual mechanisms for resolving disputes over the amount of loss. Once a disagreement over amount exists and appraisal is demanded, participation is mandatory. *See Baldwin Mut. Ins. Co. v. Adair*, 181 So. 3d 1033, 1043 (Ala. 2014) (holding that a "state of disagreement" exists once the insurer has paid some amount and the insured disputes the amount owed, thereby triggering mandatory appraisal).

It is undisputed that GeoVera acknowledged coverage, made payment, and disputed the amount of loss—placing the parties squarely in a state of disagreement. DNB properly invoked appraisal in writing. The Policy imposed a non-discretionary obligation on GeoVera to appoint an appraiser within twenty days. GeoVera's refusal constituted a clear breach of the Policy. *See Ex parte Tower Ins. Co. of N.Y.*, 140 So. 3d 456, 461–62 (Ala. 2013) (insurer may not impose extra-contractual conditions precedent that are not contained in the policy).

### B. GeoVera Had No Contractual Right to Condition Appraisal on an EUO

Nothing in the Policy conditions appraisal on completion of an EUO, additional investigation, or agreement as to scope. Alabama courts strictly enforce insurance contracts as written and do not permit insurers to impose extra-contractual prerequisites to appraisal. GeoVera's attempt to delay appraisal by insisting on an EUO was contrary to the plain language of the Policy and constitutes a breach as a matter of law.

### C. The Appraisal Was Conducted in Accordance with the Policy and Resulted in a Binding Award

After court intervention, the appraisal proceeded exactly as the Policy requires. Each party selected an appraiser. The appraisers evaluated the loss and issued a written appraisal award. The award was signed by both appraisers, which, under the Policy, conclusively set the amount of loss.

Under Alabama law, such an appraisal award is final and binding absent proof of fraud, corruption, or evident partiality. *See Rogers v. State Farm Fire & Cas. Co.*, 984 So. 2d 382, 391 (Ala. 2007) (holding appraisal awards enforceable and subject to vacatur only upon a showing of fraud, corruption, or partiality). Disagreement with the amount of the award, dissatisfaction with the outcome, or post hoc criticism of the appraisal process is legally insufficient to invalidate an award.

### D. GeoVera's Fraud Allegations Fail as a Matter of Law

GeoVera's claims of fraud are unsupported by evidence and fail for multiple independent reasons. At the summary-judgment stage, GeoVera bears the burden of producing evidence establishing each essential element of fraud, and it cannot do so. *See Ex parte Household Retail Servs., Inc.*, 744 So. 2d 871, 877 (Ala. 1999) (elements of fraud under Alabama law).

1. No Evidence of Fraudulent Conduct. GeoVera cannot identify any false representation made by DNB to the appraisers or any reliance by GeoVera that induced participation in appraisal.

2. Participation Waiver. Even if GeoVera had objections to the appraisal process, it waived those objections by fully participating in the appraisal through its chosen appraiser. An insurer may not participate in appraisal, await the outcome, and then challenge the process only after receiving an unfavorable result. *See Rogers*, 984 So. 2d at 391 (party that participates in appraisal without objection is bound by the result).

3. No Causal Connection. GeoVera cannot show that any alleged conduct by DNB caused the appraisal award or affected the appraisers' independent valuation.

4. Legal Insufficiency. Alabama law does not permit an insurer to collaterally attack an appraisal award based on allegations that could have been raised before or during appraisal but were not.

Because GeoVera cannot establish the essential elements of fraud, its declaratory judgment, fraud, and ALAA claims fail as a matter of law.

### E. GeoVera Is Obligated to Pay the Appraisal Award

The appraisal award fixed the amount owed under the Policy. GeoVera's continued refusal to pay constitutes an ongoing breach of contract. DNB is entitled to judgment declaring the award enforceable and requiring GeoVera to pay the award, less the deductible and prior payments.

## CONCLUSION

There is no genuine dispute of material fact. The appraisal was properly invoked, properly conducted, and resulted in a binding award that GeoVera is contractually obligated to pay. GeoVera's attempt to avoid its obligations through unsupported allegations of fraud fails as a matter of law.

WHEREFORE, Defendant DNB Investments LLC respectfully requests that the Court:

1. Grant summary judgment in favor of DNB on all claims;

2. Declare the appraisal award valid, binding, and enforceable;

3. Enter final judgment in favor of DNB on GeoVera's declaratory judgment, fraud, and Alabama Litigation Accountability Act claims;

4. Enter judgment requiring GeoVera to pay the appraisal award, less the deductible and prior payments; and

5. Award DNB its costs and such other relief as the Court deems just and proper.

Dated: January 23, 2026

Respectfully submitted,

*/s/ Thomas H. Benton, Jr.*
THOMAS H. BENTON, JR. (BEN028)
*Attorney for DNB Investments LLC*

OF COUNSEL:

Benton Law Firm, LLC
169 Dauphin Street, Suite 300
Mobile, AL 36602
(251) 604-1123 Direct Dial
tom@benton-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing motion was filed through the Court's electronic filing system on January 23, 2026. Notice of this filing will be sent to all parties listed on the Court's electronic filing system. Parties may access all filed documents through the Court's system.

                                                            */s/ Thomas H. Benton, Jr.*